THE STATE, EX REL. WHITE MOTOR CORP., APPELLANT, v. INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

(No. 83AP-399—Decided November 3, 1983.)

*Messrs. Squire, Sanders & Dempsey, Mr. Preston J. Garvin, Mr. William J. Wahoff, Mr. B. Casey Yim* and *Mr. Robert H. Gillespy,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Gerald H. Waterman,* for appellee Industrial Commission.

*Mr. R. William Bashein,* for appellee Harvey Leeson.

NORRIS, J. Relator, White Motor Corporation, appeals from an order of the trial court denying it the writ of mandamus it had sought to direct the Industrial Commission to vacate its award of additional compensation to claimant, Harvey Leeson, due to relator's violation of a specific safety requirement.

Claimant's left hand was injured while he was operating a punch press for relator, and his claim for workers' compensation benefits was recognized. His claim for the additional award was based upon his contention that relator had failed to guard the press as required by a specific safety requirement promulgated by the commission.

According to the commission's investigation report, the press was equipped with a gate guard designed to keep an operator's hand out of the area where a ram formed material against a die. The gate was designed to close off the area when the machine was activated — the ram would then descend, form the material, return to its original position, and the gate would open to enable the material to be removed from the die.

According to his affidavit, claimant was injured because the gate malfunctioned and the ram repeated. Claimant further stated that the press had a history of malfunctioning so that the ram would descend while the gate was open; that, in spite of numerous attempts by relator to repair the machine, it continued to malfunction; that on some occasions after "corrections" the machine would work properly for hours, days, or even months, and then the safety device would again malfunction; that other workers had been injured by the machine prior to his injury; that he also had been previously injured by the malfunction of the press; that he had told his union steward and a representative of relator about the malfunction and it had malfunctioned when they operated the press; and that his injury occurred the day after the manufacturer of the safety equipment spent fifteen minutes repairing it.

Other employees gave affidavits attesting to the history of the machine's malfunctioning, attempted but unsuccessful repairs, and injuries caused by the press.

In denying the requested writ of mandamus, the trial court concluded that:

"* * * The machine in question had a long history of repeating without the guarding operating properly. The evidence presented to the Industrial Commission justifies their factual determination that the relator had violated a specific safety requirement which caused the claimant's injurys [sic]."

Relator raises two assignments of error, which are interrelated and will be considered together:

"I. The decision of the court of common pleas in denying relator-appellant a writ of mandamus should be reversed because the Industrial Commission's order was a gross abuse of discretion.

"II. The court of common pleas should be reversed and a writ of mandamus issued ordering the industrial commission to reverse, vacate and hold for naught its order assessing a penalty against relator-appellant, because claimant's injury was the result of his own improper operation of the press, not relator-appellant's alleged failure to comply with the requirement."

The issue raised by the appeal is whether there was evidence to support the commission's finding that claimant was injured because the press was not effectively guarded. In State, ex rel. M.T.D. Products, Inc., v. Stebbins (1975), 43 Ohio St. 2d 114 [72 O.O.2d 63], the Supreme Court held that where the claimant was injured by a single malfunction of a guarding device, the employer could not be charged with failure to provide an effective guard since there was no evidence that the guard had malfunctioned either prior to or subsequent to the injury. That kind of evidence was present in State, ex rel. Carlton, v. Indus. Comm. (1983), 6 Ohio St. 3d 433. There, an employee reported to his foreman that on two occasions the ram on the press he was operating had descended suddenly without being activated and the machine's guards had responded so slowly that his hands had almost been caught by the ram.

That employee was given other duties, and the claimant was assigned to the press and was injured when the machine malfunctioned in the same manner. The Supreme Court held that the controlling factor was whether the employer had notice of the guard's previous failure; if it had, then the employer had failed to equip the machine with an effective guard.

In this appeal, relator argues that the rule of State, ex rel. Carlton, v. Indus. Comm., supra, does not apply because, after it received notice of malfunctioning, it had hired the manufacturer of the guard to repair it and, as it had no notice of malfunctioning after the repairs until claimant was injured, the holding in State, ex rel. M.T.D. Products, Inc., v. Stebbins, supra, is controlling.

We disagree. Here, there was ample evidence to support the trial court's conclusion that the machine had a long history of malfunctioning. In addition, the evidence does not necessarily support a conclusion that the malfunction had been eliminated and would not reoccur. To the contrary, there was evidence that the machine had a fourteen-year history of malfunctioning and that repeated attempts at repair had been unsuccessful. There was no evidence of the extent of the repairs attempted the day before the injury, or that the manufacturer had represented that its repair efforts on this occasion were any more successful than they had been in the past. Nor had a significant period of time intervened since the attempted repairs and the injury, during which the machine operated free of malfunctioning. Clearly, there was evidence to support the commission's order and there is nothing unreasonable about the trial court's view of the evidence.

Accordingly, the assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and McCORMAC, J., concur.